IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL LEE BROOKS,

        Plaintiff,

   v.                          CASE NO. 12-3260-SAC

STATE OF KANSAS, et al.,

        Defendants.

**O R D E R**

This matter comes before the court on form complaint for seeking relief under 42 U.S.C. § 1983. Plaintiff is a prisoner incarcerated in the Larned Correctional Mental Health Facility (LCMFH) in Kansas.

*District Court Filing Fee*

The district court filing fee in this civil action is $350.00. 28 U.S.C. § 1914(a). Plaintiff has neither submitted this statutory fee, nor in the alternative a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee. To proceed in this matter, plaintiff must satisfy one of these two statutory requirements. The court will allow plaintiff a limited time to do so by either paying the full district court filing fee, or submitting a properly supported motion for leave to proceed in forma pauperis upon a court approved form. The failure to file a timely response may result in the complaint being dismissed for lack of prosecution, and without further prior notice.

*Screening the Complaint*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is

frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the present case, plaintiff seeks monetary relief for himself, for all other LCMHF inmates, and to pay for more training of LCMHF employees and relief to Pawnee County taxpayers. The two defendants named in the complaint are the State of Kansas and David (Rick) Roberts.[1] Citing his conviction in a 1982 criminal case, plaintiff styles his first claim as "eminent domain," alleging the use of force to arrest and assault plaintiff at his workplace in 1982. Second, plaintiff claims his right to life and property was abridged in violation of the Due Process clause by the knowing false prosecution

---

[1]Given plaintiff's allegations against this defendant, the court presumes defendant Roberts was a prosecutor in a criminal proceeding involving plaintiff.

of plaintiff by Roberts for a significant payment. Third, plaintiff appears to contend his confinement pursuant to his conviction in the 1982 case constitutes slavery in violation of the Thirteenth Amendment. Fourth, plaintiff claims Roberts slandered and defamed plaintiff by using the internet to identify plaintiff a sex offender. And fifth, plaintiff claims the eighteen plus years he spent in isolation during service of his 1982 sentence violated the constitutional prohibition against cruel and unusual punishment. Plaintiff also cites a pending civil action recently filed in the Reno County District Court, and indicates he is attempting to reopen his 1982 criminal case.

However, notwithstanding the obvious question of whether any of plaintiff's claims are timely raised, the court finds the complaint is subject to being summarily dismissed because any claim for damages against the State of Kansas is barred by the Eleventh Amendment,[2] a prosecutor is entitled to immunity for activities intimately associated with the judicial phase of the criminal process,[3] plaintiff's allegations of slander and defamation present no cause of action under § 1983,[4] and plaintiff's claim of being subjected to cruel and unusual punishment is conclusory at best and without any factual basis for establishing any personal participation by defendant Roberts.

Plaintiff is thus directed to show cause why the complaint should not be dismissed as stating no claim for relief, 28 U.S.C. § 1915A(b).

---

[2] *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985)(Eleventh Amendment doctrine of sovereign immunity bars actions in federal court for damages against a State, its agencies and its officials acting in their official capacities unless the State has waived its immunity);*Connelly v. State Highway Patrol*, 271 Kan. 944, 962 (2001)(Kansas has not waived sovereign immunity for suits seeking monetary damages under § 1983).

[3] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

[4] *See DeShaney v. Winnebago County DSS*, 489 U.S. 189, 201-03 (1989)(§ 1983 does not impose liability for violations of duties of care arising out of state tort law).

The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice.

IT IS THEREFORE ORDERED that plaintiff is granted twenty days to EITHER submit the $350.00 district court filing fee OR to submit an executed and properly supported form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed pursuant to 28 U.S.C. § 1915A(b) for the reasons stated by the court.

The clerk's office is to provide plaintiff with a court approved form motion for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED: This 29th day of January 2013 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge