IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL LEE BROOKS,**

            **Plaintiff,**

    **v.**                                                  **CASE NO. 12-3260-SAC**

**STATE OF KANSAS, et al.,**

            **Defendants.**

**O R D E R**

This matter comes before the court on form complaint for seeking relief under 42 U.S.C. § 1983. Plaintiff is a prisoner incarcerated in the Larned Correctional Mental Health Facility (LCMFH) in Kansas. He seeks monetary relief from the State of Kansas and David (Rick) Roberts on four claims related to allegation concerning his arrest and prosecution in 1982, and to his resulting continuing confinement.

In an order dated January 29, 2013, the court directed plaintiff to pay the $350.00 district court filing fee, or to file a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. In response, plaintiff filed a motion for leave to amend his complaint, and a motion for in forma pauperis status.

Pursuant to 28 U.S.C. § 1915A, the court also reviewed plaintiff's allegations and directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. In response, plaintiff submitted a Motion for Leave to File a First Amended Complaint, presumably to address identified deficiencies.

Because plaintiff is entitled to amend his complaint once without leave of the court, Fed.R.Civ.P. 15(a)(1), the court grants this pending motion and reviews the amended complaint to determine if it or any claim therein should be summarily dismissed. 28 U.S.C. § 1915A(a)-(b).

*In Forma Pauperis, 28 U.S.C. § 1915*

Plaintiff must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2). Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having considered the financial records provided by plaintiff, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Review of the Amended Complaint, 29 U.S.C. § 1915A*

The court first notes the amended complaint no longer contains plaintiff's "eminent domain" claim regarding the alleged use of force to arrest and assault plaintiff at his workplace. Plaintiff concedes this claim in his original complaint lacks legal merit.

Plaintiff's first amended complaint continues to name the State of Kansas and David "Rick" Roberts as the only defendants, but now states that each defendant is sued in their individual and official capacity. As in the original complaint, plaintiff alleges he was unlawfully arrested and prosecuted on false charges. He contends that his resulting wrongful confinement denied him equal protection and due process, and that his incarceration subjected him to cruel and unusual punishment by putting his life at risk. He further contends he was slandered and defamed by being designated a sex offender, and maintains his lawsuit is timely because he is being subjected to a continuing wrong.

Likewise, as in the original complaint, plaintiff seeks unspecified injunctive relief and damages for himself and other LCMHF prisoners, for increased funding for the Kansas Department of Corrections to allow expansion of the Larned facility and increased wages for LCMHF employees, and for specific tax relief to Larned County residents.

Having reviewed the amended complaint, the court finds it should be summarily dismissed for reasons stated herein and previously identified in the show cause order to plaintiff.

First, plaintiff's claims for damages against the State of Kansas and against defendant Roberts in his official capacity are barred by

the Eleventh Amendment, and plaintiff identifies no prospective injunctive relief that might allow his lawsuit to proceed against this defendant. *See Robinson v. Kansas,* 295 F.3d 1183, 1191 (10th Cir.2002)(setting forth exceptions to sovereign immunity doctrine in *Ex parte Young*, 209 U.S. 123 (1908)); *Schroeder v. Kochanowski*, 311 F. Supp.2d 1241, 1254 (D. Kan. 2004)(Eleventh Amendment protects county attorney's acts in prosecuting crimes).

Second, to the extent plaintiff seeks injunctive relief to cure alleged constitutional error in his state conviction and sentence, his exclusive remedy lies in habeas corpus as provided by relevant federal and state statutes. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). A prisoner in state custody cannot use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

Third, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S at 81-82 (*citing Heck v. Humphrey*, 512 U.S. 477 (1997)). Thus to the extent plaintiff's allegations of error in his 1982 conviction necessarily implicate the validity of that conviction, no claim for damages accrues until plaintiff can demonstrate his 1982 conviction has been overturned or otherwise invalidated. The original and amended complaints plainly disclose that plaintiff can make no such showing regarding his 1982 conviction.

Fourth, plaintiff's allegations of false arrest, defamation, and slander present no actionable claim for relief under § 1983, even if any such claim could now be timely raised. *See DeShaney v. Winnebago County DSS*, 489 U.S. 189, 201-03 (1989)(§ 1983 does not impose liability for violations of duties of care arising out of state tort law); *Reeve v. Oliver*, 41 F.3d 381, 383 (8th Cir. 1994)(although harm may be caused by state actor, § 1983 does not turn Fourteenth Amendment into fount of tort law that supersedes existing tort actions under state law). Additionally, because the court finds no federal claim for relief is stated in the amended complaint, the court declines to exercise it supplemental jurisdiction over any possible state tort claim. *See* 28 U.S.C. § 1367(c)(3)(stating a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction").

Fifth, plaintiff makes no showing as to why his claim for damages defendant Roberts in his individual capacity is not barred by prosecutorial immunity, or necessarily defeated by no showing of this defendant's personal participation in any cognizable violation of plaintiff's constitutional rights. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)(recognizing prosecutorial immunity for activities intimately associated with judicial phase of the criminal process); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir.1976)(the personal participation of a defendant is an essential allegation in a § 1983 action).

And finally, there is no sound basis in fact or law for the specific monetary relief plaintiff seeks. Plaintiff cannot proceed

in this matter seeking relief on behalf of other LCMHF prisoners. Nor can he demand that the State of Kansas provide identified tax relief or increased funding for a state agency, a state facility, and state employees.

The court thus concludes the amended complaint should be dismissed as stating no claim upon which relief can be granted under § 1983, and as seeking monetary relief from a party immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). Dismissal of the complaint is without prejudice to any potential claim that is barred by *Heck* at this time.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is granted, and that payment of the $350.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motion for leave to file a first amended complaint (Doc. 4) is granted, and that the first amended complaint is dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

A copy of this order shall be mailed to plaintiff and to the Centralized Inmate Banking office for the Kansas Department of Corrections.

**IT IS SO ORDERED.**

DATED: This 3rd day of April 2013 at Topeka, Kansas.

                                         s/ Sam A. Crow
                                         SAM A. CROW
                                         U.S. Senior District Judge